**E-Filed 10/2/2006 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSE PEREZ MEDINA,<br><br>                          Petitioner,<br><br>         v.<br><br>JEANNE WOODFORD,<br><br>                          Respondent. | Case Number C-06-2480-JF<br><br>ORDER[1] DENYING MOTION TO DISMISS AND ORDERING STAY OF PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES<br><br>[re: docket no. 3] |

Petitioner, a state prisoner currently incarcerated at the Salinas Valley State Prison, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has applied to stay proceedings pending exhaustion of state court remedies. Respondent moves to dismiss the petition, and Petitioner opposes the motion. For the reasons set forth below, the Court will deny the motion and stay the instant proceedings pending Petitioner's exhaustion of state court remedies.

**I. BACKGROUND**

On June 6, 2003, following conviction by a jury on twelve counts of forcible child molestation, Petitioner was sentenced by the Santa Clara Superior Court to an aggregate prison

---

[1] This disposition is not designated for publication and may not be cited.

1  term of 72 years.  Petitioner filed a notice of appeal in the Sixth Appellate District on June 23,

2  2003.  Motion to Dismiss Ex. 1.  Petitioner subsequently filed a habeas corpus petition in that

3  court on June 18, 2004.  *Id.*  The Sixth Appellate District affirmed the conviction and rejected the

4  petition for a writ of habeas corpus on October 14, 2004.  *Id.*  Petitioner filed a petition for

5  review of both rulings on November 29, 2004.  *Id.*  The California Supreme Court denied the

6  petition for review on January 24, 2005.  *Id.*  Petitioner had ninety days in which to apply for  a

7  writ of certiorari to the United States Supreme Court on any federal elements of his appeal.  Sup.

8  Ct. R. 13(1).  Petitioner did not file such a petition, and thus his conviction became final on April

9  25, 2005.  Petitioner is represented by counsel.

10      Petitioner filed a second state habeas petition in the California Supreme Court on April 6,

11  2006 ("state petition").  The state petition asserts nine claims for relief.[2]  Petitioner filed the

12  instant federal action ("federal petition") on April 7, 2006. The federal petition asserts ten claims

13  for relief: the nine included in the state petition and an additional claim that Petitioner was

14  deprived of his right to effective assistance of counsel when his trial lawyer failed to object to the

15  verdict form.  Petitioner concedes that the first nine claims have not been exhausted in state

16  court.  Federal Petition ¶ A(9)(b).  Petitioner thus seeks a stay of the instant action pending

17  exhaustion of state court remedies.  Respondent moved to dismiss in light of the pending state

18  court proceedings on June 13, 2006.  Petitioner answered the motion to dismiss on July 11, 2006.

19

20

21      [2] Petitioner claims that: (1) Prosecutor misconduct shifted the burden of proof and denied
petitioner due process; (2) Petitioner was denied due process of law when the Court instructed
22  the jury using the 1999 revision of CALJIC 2.50.01, where the prosecutor argued that the prior
acts were proved beyond a reasonable doubt; (3) Petitioner's right to due process was violated
23  when the jury was instructed with the 1999 revision of CALJIC 2.50.01; (4) Petitioner was
deprived of his right to effective assistance of counsel when his appellate lawyer failed to raise
24  the issues 1-3 and when he failed to exhaust the issues that follow; (5) Petitioner's right to due
process was violated as well as his right against ex post facto prosecution when there was
25  insufficient evidence that clearly and convincingly corroborated the victims' allegations; (6)
Petitioner was denied his right to federal due process when there was insufficient evidence of
26  masturbation; (7) Petitioner was denied his right to federal due process where there was
insufficient evidence of force in counts 1-5; (8) Petitioner was denied his right to federal due
27  process where there was insufficient evidence of force in counts 6-10; and (9) the inconsistent
verdict forms in counts 6-11 violated Petitioner's right to due process.

28

Case No. C-06-2480-JF
ORDER DENYING MOTION TO DISMISS AND ORDERING STAY
(JFLC1)

1  Respondent replied on July 18, 2006.  Petitioner filed a Surrebuttal on August 7, 2006.  The

2  Court heard oral argument on the motion on September 15, 2006.

3                                    **II. LEGAL STANDARD**

4          District courts should stay federal habeas proceedings as to "mixed" petitions of

5  exhausted and unexhausted claims where: (1) there is good cause for petitioner's failure to

6  exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and

7  (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

8  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  Under such circumstances, a "district court should

9  stay, rather than dismiss, the mixed petition."  *Id.*  "Once the petitioner exhausts his state

10  remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."

11  *Id.* at 275-76.  District courts should place reasonable time limits on a petitioner's trip to state

12  court and back.  *Id.* at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001) (stating

13  that district courts should normally limit petitioners to thirty days to begin pursuing state court

14  remedies and thirty days to return to federal court after exhausting state court remedies)).  If a

15  district court finds that it is inappropriate to stay federal proceedings, it should "allow the

16  petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal

17  of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."

18  *Rhines*, 544 U.S. at 278 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

19                                      **III. DISCUSSION**

20          *Rhines v. Weber* articulates three requirements that a federal habeas petitioner must meet

21  before a district court will stay a federal petition in order to allow exhaustion of previously

22  unexhausted claims in state court.  The Court concludes that the *Rhines* requirements apply here,

23  and that the facts of the present case meet those requirements.  The Court also concludes that the

24  *Younger* abstention doctrine does not affect the application of the *Rhines* requirements to the

25  present case.  Accordingly, the Court will stay the federal petition and will deny Respondent's

26  motion to dismiss.

27  1.      *Younger* Abstention and *Rhines v. Weber*

28          Respondent argues that *Younger* abstention requires that the Court dismiss the federal

                                               3

petition.  Motion to Dismiss 3.  The *Younger* abstention doctrine provides that, absent

exceptional circumstances, a federal court must not intervene by way of either injunctive or

declaratory relief in a pending state law-enforcement proceeding.  *See e.g. Kugler v. Helfant*, 421

U.S. 117, 123 (1975).  The Supreme Court emphasized the importance of comity and federalism

in *Rhines*, 544 U.S. at 273-74, and nothing in *Younger* explicitly conflicts with *Rhines*.  This

Court concludes that granting the Petitioner's application for a stay under *Rhines* will not violate

the *Younger* abstention doctrine.

2.      Application of the *Rhines v. Weber* Requirements for Stay and Abeyance

      *Rhines* applies to cases in which there is a mixed-petition that includes both exhausted

and unexhausted state claims.  *Rhines*, 544 U.S. at 271-72.  The present federal petition is mixed.

Nine of the ten claims are unexhausted.  Answer 2.  The tenth claim is exhausted as petitioner

argued that claim in his petition for review to the California Supreme Court on November 29,

2004.  Answer 8.[3]  Because he filed his federal petition near the end of the late in the limitations

period established by AEDPA,[4] Petitioner appropriately is concerned about the potential time bar

that *Rhines* addresses.  *Rhines*, 544 U.S. at 275.  The Court concludes that the petitioner meets

the requirements articulated in *Rhines* and will stay the federal petition.

a.      Good Cause for Failure to Exhaust in State Court

      Respondent argues that Petitioner has not demonstrated good cause for failing to exhaust

his claims first in state court.  Reply 2.  Respondent points to Petitioner's seven-month delay in

retaining counsel and the seven months-and-a-half months it took counsel to file the underlying

state petition.  *Id.*  Petitioner responds by asserting that his "reasonable confusion about whether

a state filing would be timely, and ineffective assistance of appellate counsel" constitute good

cause for his failure to exhaust.  Answer 7.

---

[3]  The Court does not have a record of the proceedings in the California Courts that would
allow it to verify Petitioner's claimed exhaustion of the tenth claim in the federal petition.
Respondent does not contest Petitioner's assertion that it has exhausted the tenth claim, however.
The Court assumes that this claim is exhausted for the purposes of the present motion.

[4]  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.
1214 (1996).

4

The Ninth Circuit has explained that the good cause standard does not require the demonstration of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, that court has not provided additional guidance as to the meaning of "good cause." One district court has opined that good cause under *Rhines* "should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F.Supp.2d 1207, 1210 (D.Nev. 2006). The court concluded that petitioner must show that "he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control." *Id.* at 1211.[5]

Applying *Riner*, this Court concludes that Petitioner has shown good cause for failure to exhaust. The Court finds *Riner*'s reading of Ninth Circuit authority persuasive.[6] Petitioner has

---

[5] Other district courts in the Ninth Circuit have analogized 'good cause' to the 'cause' required to overcome a procedural default. In courts which adopt this analogy, a petitioner must show that he or she failed to exhaust claims in state court because of "an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D.Cal. 2005).

*Hernandez* has been followed by at least one other court in this district. *Morales v. Scribner*, 2006 WL 1627025, 2 (N.D.Cal. 2006) (courts within the Ninth Circuit have "found 'good cause' to require at a minimum a showing of some 'circumstance over which [petitioner] had little or no control' that prevented the petitioner from asserting the unexhausted claim in the state courts.").

*Riner* also notes that "federal district courts have developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings." *Riner v. Crawford*, 415 F.Supp.2d 1207, 1210 (D.Nev. 2006). In *Hernandez*, the court found that ineffective assistance of counsel on a direct appeal did not qualify as good cause because appellate counsel "did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims." *Hernandez*, 397 F.Supp.2d at 1207. The court in *Morales* similarly found that an oversight of appellate counsel that led to the exclusion of a claim from a petition to the California Supreme Court was not good cause for failure to exhaust because counsel's oversight was not a factor beyond the petitioner's control. *Morales*, 2006 WL 1627025 at 2.

[6] The Court also notes the Ninth Circuit's recent decision in *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006). The Ninth Circuit held that the inability of a habeas petitioner to read English, coupled with a lack of Spanish-language legal materials and the unavailability of translators constituted "extraordinary circumstances" under equitable tolling doctrine. Although Petitioner has not alleged the absence of Spanish-language legal materials or translators, the Court concludes that Petitioner need not allege these facts to satisfy the lower good cause

Case No. C-06-2480-JF
ORDER DENYING MOTION TO DISMISS AND ORDERING STAY
(JFLC1)

1   provided declarations by Petitioner's family members attesting to his inability to understand and

2   proceed with his case because of his inability to read and write English.  Surrebuttal Att. 2, 1

3   (Decl. of Patty Medina); Att. 3, 1 (Decl. of Raul P. Medina); Att. 4, 1 (Decl. of Guadalupe

4   Guzman); Att. 5, 1 (Decl. of Jose Francisco Medina).  The declarations by Petitioner's family

5   also attest to the difficulties the family faced in securing the assistance of counsel and of

6   collecting sufficient funds to pay for counsel's services.  Decl. of Patty Medina 1-3; Decl. of Raul

7   P. Medina 1-3; Decl. of Guadalupe Guzman 1-2; Decl. of Jose Francisco Medina 2-3.  The Court

8   concludes that Petitioner was prevented from exhausting the unexhausted claims by his own

9   ignorance or confusion about the law or the status of his case.   Petitioner thus has satisfied the

10  good cause requirement set forth by *Rhines*.[7]

11          Alternatively, the Court concludes that the ineffective assistance of appellate counsel

12  provides Petitioner good cause for failure to exhaust under *Rhines*.  Petitioner has alleged that

13  ineffective assistance of appellate counsel caused the failure to exhaust the unexhausted claims.

14  Answer 7.  The district court stated on remand in *Rhines* that ineffective assistance of counsel is

15  analogous to the "reasonable confusion about whether a state filing would be timely" that the

16  United States Supreme Court said constituted good cause in *Pace v. DiGulielmo*, 544 U.S. at

17  416.  *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D. S.D. 2005).  This Court agrees.  The Court

18  also concludes that ineffective assistance of appellate counsel is a circumstance over which

19  petitioner had little or no control, thus satisfying the *Riner* standard.  Petitioner has described

20

21

22  standard when he alleges that he did not understand English and had no ability to proceed with a
    habeas petition under the circumstances facing him.

23          [7]   The Supreme Court has said that "petitioner's reasonable confusion about whether a

24  state filing would be timely will ordinarily constitute 'good cause' for him to file in federal
    court."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (discussing *Rhines v. Webber*).

25  Petitioner has not provided the Court with adequate grounds on which to find "reasonable
    confusion about whether a state filing would be timely."  Petitioner asserts that it is "an open

26  question whether the California Supreme Court will deny [the state petition] without comment,
    or with a citation to a case holding a procedural bar."  Answer 6.  This does not distinguish the

27  state petition from any other habeas petition filed with the California Supreme Court.  Absent
    more specific grounds for finding a reasonable confusion about whether a state filing would be

28  timely, this Court will not find good cause on this basis.

Case No. C-06-2480-JF
ORDER DENYING MOTION TO DISMISS AND ORDERING STAY
(JFLC1)

1   multiple failures of appellate counsel in one of the claims in his federal petition. Federal Petition

2   22-23. Respondent has not argued that Petitioner was adequately represented on appeal and

3   nothing in the record indicates that the claims of ineffective assistance of counsel are frivolous.

4   The Court therefore concludes that ineffective assistance of counsel constitutes good cause under

5   *Rhines*.[8]   The Court expresses no opinion whether the representation afforded Petitioner on

6   appeal constitutes a ground for habeas relief.

7          b.      Potential Merit of Unexhausted Claims

8         Petitioner has asserted nine unexhausted claims. *Rhines* requires that these claims are

9   "potentially meritorious," *Rhines*, 544 U.S. at 278, and not "plainly meritless." *Id.* Petitioner

10   asserts the potential merit of each of the nine unexhausted claims, Answer 7-8, and Respondent

11   does not argue that any of the nine unexhausted claims is not potentially meritorious. Under

12   these circumstances, the Court concludes that Petitioner has satisfied *Rhines*' potential merit

13   requirement.

14          c.      Intentionally Dilatory Litigation Tactics

15         Petitioner has filed declarations from family members explaining his delay in securing

16   counsel and in gathering sufficient funds to pay counsel. Surrebbuttal Att. 2-4. Petitioner's

17   counsel also has provided a declaration explaining the course of the litigation. *Id.* Att. 1. The

18   Court finds no evidence that Petitioner has engaged in intentionally dilatory litigation tactics.

19         Because Petitioner has satisfied each of the requirements of *Rhines*, it likely would be an

20   abuse of discretion to deny a stay. *Rhines*, 544 U.S. at 278. Moreover, the Court has inherent

21   power to stay proceedings in the interest of justice and to control its docket. The Court

22

23         [8]  In courts which analogize good cause to the cause required by the procedural default

24   doctrine, Petitioner's failure to exhaust must be attributable to  "an objective factor external to
     the petitioner which cannot fairly be attributed to him or her." *Hernandez v. Sullivan*, 397

25   F.Supp.2d 1205, 1207 (C.D.Cal. 2005). Ineffective assistance of counsel provides cause for a
     procedural default when it occurs at a stage of the proceedings at which petitioner was

26   constitutionally entitled to effective assistance of counsel and where counsel's performance was
     "constitutionally ineffective under the standard established in *Strickland v. Washington*[, 466

27   U.S. 668 (1984)]." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Court does not need to

28   determine the effectiveness of counsel under *Strickland* because it bases its present decision on
     alternate grounds.

Case No. C-06-2480-JF
ORDER DENYING MOTION TO DISMISS AND ORDERING STAY
(JFLC1)

1   concludes that a stay advances both these interests here.

2                                    **IV. ORDER**

3   Good cause therefore appearing, IT IS HEREBY ORDERED THAT:

4           (1)  Respondent's Motion to Dismiss is DENIED;

5   and

6           (2) Petitioner's Motion for Stay and Abeyance is GRANTED.  Petitioner shall return to

7   this Court within thirty (30) days of the termination of the subject state proceedings.

8

9

10

11  DATED: October 2nd, 2006

12

13

14                                    JEREMY FOGEL
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1 | This Order has been served upon the following persons:

2 | **Carla Jane Johnson**          laseajay@charter.net

3 | **Ross C. Moody**               ross.moody@doj.ca.gov nelly.guerrero@doj.ca.gov;
  | DocketingSFAWT@doj.ca.gov;
4 | ECFCoordinator@doj.ca.gov

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9